**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JAN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ZAMORA SANTOS, | No. 23-1726 |
| Petitioner, | Agency No. A205-713-987 |
| v. | |
| JAMES R. MCHENRY III, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2025[**]
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.[***]

Juan Zamora Santos (Zamora Santos), a native and citizen of Mexico,

petitions for review of an order from the Board of Immigration Appeals (BIA)

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

dismissing his appeal of the denial of his motion to remand. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

A motion for remand is treated the same as a motion to reopen. *See Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). We review the Board's denial of a motion to remand for abuse of discretion. *See id*. "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to law. . . ." *Id*. (citation, alteration and internal quotation marks omitted).

**1**. Zamora Santos argues that the Board applied the wrong standard in deciding the motion to remand. Zamora Santos also contends that the Board abused its discretion when it denied his motion to remand despite the failure of the Department of Homeland Security to file a brief opposing the motion. A remand is warranted if the motion to remand states new facts, is "accompanied by the appropriate application for relief and all supporting documentation," and "proffer[s] evidence that is material and was not available and could not have been discovered or presented at the former hearing." *Id*. at 760 (citation and internal quotation marks omitted). A noncitizen seeking remand need only establish a prima facie case for relief. *See id.* at 759.

The Board determined that Zamora Santos had not established a prima facie case for relief because he presented no evidence that the Department of Homeland Security intended to exercise prosecutorial discretion in his favor. Because this

determination was not "arbitrar[y], irrational[], or contrary to law," and applied the correct standard, there was no abuse of discretion. *Id.* (citation omitted).

**2**. Absent an express statutory requirement, we do not require the government to file an opposition brief when the non-citizen is the moving party. *See Limsico v. INS,* 951 F.2d 210, 213 (9th Cir. 1991). Thus, the Board did not abuse its discretion in deciding the motion to remand despite the lack of opposition from the government. *See id.*

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.